This is Akinyele v. Kaisper May I please the court? My name is Natalie Prescott and I'm here with my colleague Jerry Tripitelli, we're attorneys at DLA Piper, and we represent Mr. Akinyele, the petitioner of this appeal. I would like to reserve two minutes for rebuttal and I will watch the clock. Mr. Akinyele has been in detention for over two and a half years waiting for the resolution of this appeal. In 2006 the immigration judge improperly denied him relief under asylum and convention against torture. And in 2006 the BIA then failed to give him an extension of time to file a brief after someone had improperly withdrawn his appeal without his consent. Mr. Akinyele asked this court to find that it has jurisdiction to review the IJ's decision and to grant him asylum and relief under CAT. If, however, this court were to hold that it does not have jurisdiction because the BIA hasn't reviewed the decision on the merits, then Mr. Akinyele asks this court to find that the Board of Immigration Appeals violated his due process rights by failing to give him an extension of time after someone had withdrawn his appeal. At the outset I will start by discussing jurisdiction unless the court would like me to discuss it first because the government has chosen to reply only to our jurisdiction argument. This is an issue of first impression before this Court. However, the Seventh Circuit in a very similar case has already ruled on this issue in Pasha v. Gonzales. In that case, Judge Fosen, writing for the majority, found that the Court does have jurisdiction to review a decision in similar circumstances. In that case, the Petitioner was also precluded from filing a brief. He never had an opportunity to file a brief, and he never had a notice from the BIA that his appeal could be summarily dismissed. And in that case, the Court found that the Board of Immigration Appeals could waive Petitioner's failure to exhaust his appeal, especially in circumstances like those. In that case, the Board also didn't appear to cite expressly to 8 CFR 1003D, a section which the Board usually cites to when it dismisses appeals on procedural grounds. There are at least six reasons, independent reasons, why this Court should find it has jurisdiction. Because of the time issue, I will only address three of those. First, in this case, the Board of Immigration Appeals promised to issue a decision on the merits to the Petitioner in its interim order. It expressly used those words, even after recognizing that Mr. Acinelli did not file a brief in this case. Subsequently, the Board issued a decision which expressly addressed the IJA's opinion, discussed the IJA's finding, and held that it found no reason to reverse the IJA's decision in this case. Second, the Board of Immigration Appeals did not use the word summarily and did not cite to 1003.1 CFR. Are there any cases that say the BIA is required to cite to 1003.1A2ID? Your Honor, it appears also to be the issue of first impression, not only in this jurisdiction but in others. However, it is BIA's policy to issue at least one. It is BIA's policy to cite to that particular section. In fact, in the vast majority of the decisions that we were able to find, the Board does cite to this particular section when it dismisses on procedural grounds. But there's no requirement that it do so. Well, in fact, this Court in two decisions in 2004, both titled Singh v. Ashcroft, two different cases, actually noted that a citation to 1003 CFR helps the Court decide that the Board issued a dismissal. And we ask this Court today to extend the reasoning in those two cases and further hold that failure to give this express citation deprives a petitioner, especially pro se petitioners, of their notice to which they are constitutionally entitled to. But the grounds for appeal in this case that he provided the Board were even sketchier than what was in Rojas Garcia where we said that that was a summary dismissal. Yes and no, because, you know, this case is actually very similar to Rojas Garcia in those circumstances because in that case, this Court chose to decide the issuance of merits, even though in that case it was clear that the debate dismissed on procedural grounds. Apparently, by citing to Rojas Garcia in this particular decision, the Board recognized the unique circumstances of this case that are very similar to Rojas Garcia where both Mr. Rojas and Mr. Acconielli were deprived of an opportunity to file a brief, where in both cases the petitioner, the government never filed a motion to dismiss with the BIA, and where the petitioner did not have notice that his appeal may be summarily dismissed, justified the decision on the merits. If I understand the case correctly, there was a bogus order filed. At least the Board was willing to admit the argument of your client. And so they treated that as a motion to reopen, which they did. Subsequent to that time, if I understand the record correctly, your client never filed a brief. Is that true? That's correct, Your Honor. He never had an opportunity to do so. No, wait a minute, wait a minute, wait a minute. He never had the opportunity to do so. You mean someone prevented him from filing a brief? He was a pro se petitioner who also, you know, has difficulty speaking English. It's not his native language. When somebody had withdrawn his appeal without his knowledge, the only way he found out about it is when the deportation proceedings started. No one entered an order he couldn't file a brief? I apologize, Your Honor. There was no order entered that he could not file a brief? No, Your Honor. However, he requested an extension of time with the BIA, and the BIA never ruled on that request, so he didn't know whether he was supposed to or allowed to file a brief. Well, wait a minute. We don't have that record in front of us. If he had any question about it, he could have brought a motion, but once your appeal is going, it's quite logical people file briefs. As a matter of fact, he contends that in his motion to reopen, he had actually asked for additional time by saying, I have filed a petition, which is a real reach. But even if he believed that, then his next step would be to file a brief. Now, it seems to me it's very difficult for me to see how there's prejudice in this case when he never filed a brief at all or tried to. Well, Your Honor, there are two points that are important to address to answer your question. First, in the motion to reopen that Mr. Iaconelli filed with the BIA, he's asked for an extension twice, in the beginning of the motion and at the end. The language is not clear because he said in there, I have filed a brief. Is that what the language is? The language he uses is Petitioner has currently requested an extension. Then he also says Petitioner ask the Board to open his appeal and grant him an extension. So they granted the reopening and they interpreted the document as he has filed a brief and they never filed a brief. Well, he uses the word currently and he uses the word ask. And, of course, English is his foreign language. So even though he's using the word has, it's clear that this may be wrong. I understand you're giving me a lot of reasons, but isn't that the actual facts? Well, in the second… So if I understand correctly, the Board is responsible to make sure that it's in the language of the person and they have to find that out, is that right? They have to find out whether he's requested… You said there was a language problem and that was going to excuse him from filing a brief? No, Your Honor, no, that's not what I said. No, okay. What I mean is that he filed a request for an extension and expected the Board to rule on it and the Board never issued a ruling. And the second point that I wanted to bring up in response to your question is after he filed this motion, the Board responded to his motion by saying that they will be issuing a decision on the merits. And Mr. Akinyele may have interpreted that as deciding that the Board did not really need a brief, which is another issue we addressed that, you know, Mr. Akinyele did not have a notice that his appeal could be dismissed if he didn't file a brief. That's a stretch of the interpretation as I read it, but that's what you think he believed? Is that in the record that he believed that? Well, there's no post-BIA record and, you know, it's a possible interpretation because when the Board… Okay, so it isn't what he actually believed. This is a possible interpretation because it's not in the record. Okay, thank you. Do you want to save some time? I'll reserve the time unless the Court has another question. May it please the Court. Theodore Hurt from the Civil Division of the Department of Justice appearing on behalf of the Respondent Attorney General. Your Honor, in this case, I think we have the very discreet question of whether the Board's October 27th order was, as I think textually, looking at the four corners of the document, it really was, which was a summary dismissal of Mr. Akinyele's appeal. Now, it is true that it did not cite subsection D. I don't think in response to Your Honor's questions to Petitioner's counsel… Well, I think what counsel was indicating in that order, it said, Incordingly, the Board's prior decision will be vacated, the Respondent's appeal will be reinstated, and a decision on the merits of the Respondent's appeal will be forthcoming. Well, Your Honor, if we turn to the September order, I think that there are two responses. First, I think a procedural order, which, as you addressed, opened up the previously withdrawn appeal, that I would term a procedural and interim order. The order that is the final order under review, which is the one that is dispositive, is the four corners of the October order. Now, I think that using the term, We will proceed to the merits, one could hypothesize that Mr. Akinyele could file a brief, perhaps. It might be out of time. He would have to file it with motion to leave. What if he had filed a brief in that gap between September 27th and October 27th? Another example, Your Honor, if this Court issued a scheduling order in a case and said, Our decision on the merits will follow, but after submission you found that there was a procedural obstacle to the case and there was no jurisdiction, no one would argue you were stopped from a procedural order somehow superseding the final order. Was the Board aware they were dealing with a pro se at the time? I would have to assume so because his notice of appeal was written pro se. However, Your Honor, I think that, and now I'm diverting myself from where I wanted to go, but I think that the fact that someone is pro se certainly should not excuse them from compliance with the Board's procedures. In one of the Singh cases, this Court affirmed, I think, basically a dismissal where the pro se person had been involved. But I think counsel is saying that in keeping with the procedures, that when the Board moves to reopen and says we're going to give an opinion on the merits, that that could be construed as meaning the Board is ready to do so and, therefore, that the petitioner didn't have an opportunity to file a brief. He had been foreclosed by the wording of the Board. That's the argument. I'd like to have you respond to that. Well, Your Honor, I think if we turn to the September order, it did not say anything to the effect that the case is deemed submitted. It did not say we have not gotten a brief and one will not be accepted. Really, as counsel acknowledged, we have nothing in the record from petitioner by way of an affidavit or declaration that explains his state of mind during any of this one-and-a-half-month period. So I think that when the Board issued the interim order, I don't think that is, in a sense, by any means misleading in any respect. After all, if we go back to the fact pattern here, petitioner received the briefing schedule that rose out of his notice of appeal on or about August 24th. His brief was due at the Board of Immigration Appeals in Arlington, Virginia, on, I think, Friday, September 8th. It's only on September 5th that he claims that he learned of this withdrawal of his case. So he certainly could not have been arguing I was distracted or overwhelmed by someone withdrawing my case. His brief already should have gone to be filed on September 8th. So that's in advance of our September 27th order. Well, Counselor, as I read it, I mean, my problem with all of this is that all of this starts on July the 24th when the notice of appeal was filed by the petitioner. At that point, he said he intended to file a separate written brief. On August the 18th, then the Board of Immigration Appeals set a briefing schedule, giving him until September 8th to file the brief. So, therefore, he had until September 8th to do anything. Then on August the 24th, there was a motion to withdraw, which the BIA granted, which ended the whole thing. Then there was a motion to reopen filed on September the 13th, and as a part of the motion to reopen, then the BIA construed what ought to be, and they let it come, they reopened. There was a motion to stay to deportation. Then on September 27th, there was an interim BIA order granting the motion to stay, reopening the case, but there was nothing put in there about a briefing schedule. They issued a briefing schedule when they said it the first time and told him how long he had to do it. Now they're reopening again based on something this petitioner had no control over. They didn't set another briefing schedule. They didn't do anything. And how was he to know when to file his brief? Your Honor. They said it in the first place. They put it right in the order. Will you do that by 9-8? And now, based on something that he had nothing to do with and a motion to reopen that they construed, and then staying deportation, giving him a chance to get into it, but they don't say anything about when to file a brief, and then they dismiss. Well, Your Honor, I think the point here is one, again, the fact chronology is such that his brief should have been filed in Arlington by September 8th, and there's no statement or excuse in the record for why that did not happen, at least as a plausible one. That sounds pretty good, except that this is, again, a pro se person who's trying to do what needs to be done. The BIA is the one who knows the situation. They have procedures in place. They issue a briefing schedule, and that briefing schedule is interrupted not by any fault of his own, but some other that they evidently jumped to the conclusion he was correct, and then don't set another briefing schedule, and then because he doesn't file a brief, they throw his case out. That's the bottom line. Well, and I don't think that that is something that should be deemed extraordinary because the briefing schedule was to remain in effect. Now, it didn't say that, but what would one draw as a conclusion if one did not get a new briefing schedule? All the documents in the case from appeal forward, beginning with the notice of appeal form to the briefing schedule, indicate that the brief is due September 8th. So it seems a little tough to have the briefing schedule remain in existence when the order reopening the case and granting the motion to stay doesn't come until September 27th and the brief was due September 8th. How could the briefing schedule be in place? Well, I guess I would say more appropriately, the briefing schedule was in place, and Plaintiff, without any explanation or justification, was in default of that briefing schedule. And there's nothing, Your Honor, with all due respect, in this record to explain why between the dismissal or between the September 27th deadline, the order rather, and the October 27th dismissal, that Mr. Acagnelli didn't do anything. He didn't file a motion for leave to file a brief out of time. He didn't file an affidavit. He didn't claim what was his justification. Counsel, of course, says we have to speculate today as to what his mindset was. But I think the important point, and maybe I'm harping on this, is that that brief should have been filed on September 8th, well before any of this problem happened with the withdrawal of the appeal. So I think that the Board should not be faulted for setting up a briefing schedule and expecting the litigants to meet with it. Now, Mr. Acagnelli, yes, indeed, he is a foreign citizen, but in the record, and there are several places, it's clear that he marks that he's fluent in English. If you look at 404 of the record, the immigration application, 227 to 228, he basically says he took college courses. He basically says at 504 of the record that he was trained as a lawyer in Nigeria. We're not dealing with some of the extraordinary examples that are addressed in petitioner's reply brief, like Escobar, where the attorney's office flooded, and he filed an affidavit, after all, to justify why he couldn't file his briefs on time. So I think that, yes, perhaps these seem to be, in the eyes of some, judgments that may be difficult in terms of their consequences. But if summary dismissals are to have any validity in the Board's scheme, and certainly in the Singh case, Judge Bybee upheld the notice procedures despite a due process objection, then litigants, absent a very good excuse, should have to abide by them. And I think that the facts here do indicate that Mr. Acagnelli was on notice. His notice of appeal clearly was deficient. We're not hearing any argument to the contrary. And I think that it was a reasonable expectation of the Board that he would do something in response to these orders. Now, certainly the four corners, just to summarize the four corners of the order, by citing Rojas, that was a case that was a summary dismissal. The fact that this Court went on to decide other issues shouldn't impact that. I mean, those were ineffective assistance of counsel issues to a large extent. Are we saying that the Board has to cite exactly the right case? Counsel is acknowledging that she's trying to make law of first impression for this Court, and I urge the Court not to go into that area but to affirm the judgment below. Thank you, Your Honor. I have several points to briefly address here now that I had a minute to think in response to your earlier question. There is actually a law in the Ninth Circuit that says the petitioner is not required to file a brief  And it's a Singh v. Ashcroft case, 367F3D, 1182. It's cited in our reply brief. There is also law in this circuit that says that the BIA must liberally construe, per se, petitioner's request for an extension of time. And as Judge Smith rightly pointed out earlier, Mr. Acanielli still had at least three days to file his brief the first time when somebody had improperly withdrawn his appeal. So the government cannot rightly argue that three days was not enough for, per se, a petitioner to try to put a brief together. In addition, the Rojas-Garcia case where there was an effective absence of counsel, that's true that the government raised that. However, I believe the Court in Rojas-Garcia also explained that, you know, the circumstances could have been even more strenuous when there was no counsel involved.  And these circumstances are very unique. If the Court were to be concerned with the flood of litigation, this wouldn't happen in this case because it's a unique circumstance, unique circumstances that are involved. And in conclusion, unless the Court has other questions, we ask this Court to find that it has jurisdiction to address all of the issues in our appeal, including relief under CAD and Convention Against Torture. If, however, the Court were to hold that it doesn't have jurisdiction to review IG's decision, the Court still has jurisdiction to find that the BIA violated Mr. Akiniela's due process rights. What you're arguing is that we don't know what your client felt or thought because we don't have it before us. I therefore assume you're arguing a due process argument. Yes, Your Honor. So it's not, it's just a question whether in this particular case he was given reasonable notice and reasonable proceedings. And your argument is that based upon the statements of the Board that you don't think due process was followed. Mr. Akiniela did not have notice that his appeal could be dismissed, especially in light of the language that the BIA used. So he was deprived of his due process rights. Thank you. This case is submitted.
judges: Wallace, Ikuta, Smith